UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEANDRE KELLY,
    Petitioner,

    vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-293

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed

a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter

is before the Court on respondent's return of writ and petitioner's reply. (Doc. 6, 9).

## I.  PROCEDURAL BACKGROUND

### State Trial Proceeding

On January 16, 2014, the Hamilton County, Ohio, grand jury returned a four-count

indictment charging petitioner with one count each of involuntary manslaughter, reckless

homicide, endangering children, and having weapons while under disability.  (Doc. 5, Ex. 1).

After initially entering a not-guilty plea, petitioner entered a guilty plea to one count of reckless

homicide with an accompanying firearm specification and an agreed upon prison sentence of six

years in the Ohio Department of Corrections.  (Doc. 5, Ex. 3).  On April 8, 2014, the trial court

accepted petitioner's guilty plea and imposed the agreed upon sentence.  (Doc. 5, Ex. 4).

### Direct Appeal

On July 9, 2014, petitioner, through new counsel, filed a motion for a delayed appeal to

the Ohio Court of Appeals, which was granted.  (Doc. 5, Ex. 5, 6).  Petitioner raised the

following single assignment of error in his merit brief:

ASSIGNMENT OF ERROR
The trial court erred when it violated the Defendant's Sixth Amendment right to counsel by denying his motion to remove his attorneys.

Issue Presented for Review and Argument
Whether the trial court erred by denying the Defendant's motion to remove his attorneys.

(Doc. 5, Ex. 7). On April 24, 2015, the Ohio appeals court overruled the assignment of error and affirmed the judgment of the trial court. (Doc. 5, Ex. 9).

## Ohio Supreme Court

On November 30, 2015, petitioner filed a pro se delayed notice of appeal and a motion for a delayed appeal to the Ohio Supreme Court. (Doc. 5, Ex. 10, 11). As cause for the late filing, petitioner claimed that he previously tried to file his case on July 7, 2015, but that his appeal was returned to him because he failed to attach a certified copy of the court of appeals decision. (*See* Doc. 6, Ex. 11 at PageID 101). Petitioner claimed that he did not receive a certified copy of the decision until November 18, 2015. (*Id.*).

On January 20, 2016, the Ohio Supreme Court denied petitioner's motion and dismissed the appeal. (Doc. 5, Ex. 12).

## Application to Reopen Appeal Pursuant to Ohio App. R. 26(B)

Meanwhile, on July 20, 2015, petitioner filed an application to reopen his appeal pursuant to Ohio App. R. 26(B). (Doc. 5, Ex. 13). Petitioner claimed that his appellate counsel was ineffective for failure to raise the following assignment of error on direct appeal:

Appellant submits that he was denied effective assistance of appellate counsel in violation of his Sixth Amendment rights under the United States Constitution where counsel failed to raise the issue that appellant as a first time offender was suppose[d] to receive a minimum statutory sentence.

(Doc. 5, Ex. 13). The Ohio appeals court denied petitioner's motion on August 25, 2015. (Doc.

2

5, Ex. 14).

Petitioner did not seek further review in the Ohio Supreme Court from the denial of his

26(B) application.

## Federal Habeas Corpus Petition

On February 8, 2016, petitioner filed the instant federal habeas corpus action. (*See* Doc.

1).  Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: Petitioner was deprived of his right to counsel of choice as guaranteed him in the Sixth Amendment to the United States Constitution and federal law as decided by the United States Supreme Court. *Strickland v. Washington* (citation omitted).

> **GROUND TWO:** Petitioner was deprived of due process and Equal protection of Law where the Trial Court imposed an elevated penalty opposed to a mandatory minimum sentence upon factors waved in mitigation.

> Supporting Facts:
> 1.  Petitioner argues that his constitutional rights were violated when the trial court refused to allow him to proceed with untainted counsel for counsel's failure to investigate and that the trial court was mandated to hold a probable cause hearing opposed to a brief recess.
> 2. Petitioner argues that the malice component of Ohio Revised Code 2903.04(A) arises because of the person's mental state and that his recklessness did not reach the culpable mental state under R.C. 2903.04(A) but only R.C. 2903.05(B) is the underlying theme of petitioner's claim and he should not have been scheduled to a six year term.

> **GROUND THREE**: The cumulative effect of trial counsel error deprived petitioner of a fundamentally fair trial process.

> Supporting Facts:
> 1.  Trial counsel's failure to investigate the facts, or even properly communicate with the Petitioner was unreasonable.
> 2.  Trial counsel made several procedural violations which waived petitioner's right to remedy before Petitioner knew the remedy existed (i.e. challenging degree of offense)
> 3.  Trial counsel never prepared for trial because he never intended to go to trial thus failed to present an affirmative defense theory in order to mitigate aggravating factors relevant at guilt and penalty phases or the outcome would

3

have been different.

(Doc. 1).

Respondent has filed a return of writ in response to the petition. (Doc. 6). According to respondent, petitioner procedurally defaulted and waived his grounds for relief.

## II. THE PETITION SHOULD BE DENIED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S.

4

255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on

5

which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw,* 493 F. App'x 666,

669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for

finding a claim is procedurally defaulted under the adequate and independent state ground

doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner

can demonstrate cause for and prejudice from his procedural default or that failure to consider

the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at

495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501

U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v.

Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner presented his Sixth Amendment right to counsel claims alleged in

Grounds One and Three of the petition on direct appeal to the Ohio Court of Appeals. (*See* Doc.

5, Ex. 7). However, petitioner committed a procedural default by failing to pursue a timely

appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 24, 2015 decision

affirming the judgment of the trial court. Although petitioner later attempted to obtain a delayed

appeal with the Ohio Supreme Court, the state's highest court denied petitioner leave to pursue

such an appeal. (*See* Doc. 7, Exs. 18, 21). The Sixth Circuit has held that the Ohio Supreme

Court's unexplained entry denying a motion for leave to file a delayed appeal constitutes an

adequate and independent state procedural ruling sufficient to bar review of a federal habeas

corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also

Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that

6

"[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio

Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an

untimely claim on the merits"). Here, as in *Bonilla* and *Baker*, because petitioner failed to

pursue a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied petitioner

leave to file a delayed appeal, the state's highest court never had the opportunity to consider the

merits of the claims alleged in the petition.

Petitioner also failed to fairly present the claims raised in Ground Two of the petition to

the Ohio Supreme Court.  Petitioner never raised these claims on direct appeal to the Ohio Court

of Appeals.  It appears that petitioner subsequently included the claims as propositions of law in

a memorandum of jurisdiction attached to his motion for leave to file a delayed appeal to the

Ohio Supreme Court.  (*See* Doc. 5, Ex. 11 at PageID 108).  However, as noted above, the Ohio

Supreme Court denied petitioner's delayed appeal motion and, in any event, would not have had

jurisdiction to consider the claims because petitioner failed to raise them on direct appeal.  *See*

Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965).  *Cf. Mayes v.*

*Hudson,* No. 1:07-cv-315, 2010 WL 55963, at *9 & n.1 (N.D. Ohio Jan. 4, 2010) (emphasizing

that "[e]ven if [the] memorandum in support of jurisdiction in the Ohio Supreme Court could be

read as having raised the claim . . . , [the petitioner's] failure to raise that claim in the appellate

court resulted in its default," because it must be assumed from the Ohio Supreme Court's silence

as to the reasons for denying the claim that it did not "ignore its own procedural rules and . . .

enforced the procedural bar" prohibiting review of claims that are "not raised in the underlying

appellate proceeding") (citing *Simpson,* 94 F.3d at 203).

In his application to reopen his direct appeal, petitioner did argue that his appellate

7

counsel was ineffective for failing to argue that petitioner should have received a minimum statutory sentence. (*See* Doc. 5, Ex. 13 at PageID 120). However, as argued by respondent, "[b]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).[1]

Consequently, by failing to fairly present his constitutional claims to the Ohio Supreme Court, petitioner has waived his claims absent a showing of cause for his default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not demonstrated cause to excuse the procedural default. Specifically, petitioner fails to offer any explanation for his failure to timely present his claims to the Ohio Supreme Court. In his motion to file a delayed appeal to the Ohio Supreme Court, petitioner stated that his July 7, 2015 attempt to file a delayed appeal was returned to him for failure to include a certified copy of the Ohio Court of Appeals' decision denying his direct appeal. (Doc. 5, Ex. 10 at PageID 101). However, petitioner's pro se status, ignorance of the law or procedural requirements, and limited access to legal materials are insufficient to constitute cause. *Rogers v. Warden*, No. 1:10-cv-397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Report and Recommendation), *adopted*, 2011 WL 1753711 (S.D. Ohio May 9, 2011); *see also Bonilla,* 370 F.3d at 498 (holding that the petitioner's pro se status and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to

---

[1] Petitioner argues that Grounds Two and Three "are so intertwined with Ground number One as to contain a common nucleolus (sic) that it is impossible to separate them for purpose of argument." (Doc. 9 at PageID 209). However, even if the claims raised in Grounds Two and Three were raised in his direct appeal, as petitioner contends (*see* Doc. 1 at PageID 7, 14), petitioner committed a procedural default by not filing a timely appeal to the Ohio Supreme Court.

establish cause for his failure to perfect a timely appeal to the Ohio Supreme Court).

     Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324.

     Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

     Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of actual innocence. "Without any new evidence of innocence, even the existence of a concededly

meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice

that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Petitioner has not demonstrated that his procedural defaults should be excused under the

"fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted

and waived the claims raised in the petition.

Accordingly, in sum, the undersigned finds that petitioner has procedurally defaulted and

waived his claims for relief in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be

**DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the

petition, which this Court has concluded are waived and thus procedurally barred from review,

because under the first prong of the applicable two-part standard enunciated in *Slack v.*

*McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether

this Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

---

[2] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address
the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has
stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/7/17

Karen L. Litkovitz
United States Magistrate Judge

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DEANDRE KELLY,                                    Case No. 1:16-cv-293
      Petitioner,

    vs.                                    Dlott, J.
                                   Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).